NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| José Humberto CASTAÑEDA RAMIREZ,<br><br>              Petitioner,<br><br>v.<br><br>Brian ELWOOD, et al.,<br><br>              Respondents. | Civ. No. 12-4730<br><br>MEMORANDUM OPINION & ORDER |

THOMPSON, J.

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which Petitioner, José Humberto Castañeda Ramirez, challenges his pre-removal-period mandatory detention by U.S. Immigration and Customs Enforcement ("ICE"), pursuant to 8 U.S.C. § 1226(c) by way of an Order to Show Cause [docket #1]. Petitioner is presently in the custody of the Department of Homeland Security ("DHS") at the Monmouth County Correctional Institution in Freehold, New Jersey. For the reasons set forth below, the Petition will be denied.

I.      Background

Petitioner is a native and citizen of Colombia. Petitioner immigrated to the United States on May 20, 1982 as a lawful resident based on a petition filed by his U.S. citizen wife, Maria Teresa Castañeda. *See* (Pet'r's Br. ¶ 15). On or about December 18, 2003, Petitioner was convicted for Criminal Facilitation in the Fourth Degree under New York Penal Law § 115.00, a class A misdemeanor, for the underlying crime of Criminal Sale of a Controlled Substance in the third degree, a felony. *See* (Pet'r's Ex. A, Notice to Appear). Petitioner was sentenced to six

1

months incarceration.  *See* (Resp't Br. ¶ 5).  Following his release in 2004, Petitioner has been arrested and sentenced on two other occasions.  On June 22, 2005, Petitioner pled guilty to N.Y. Vehicle and Traffic Law § 1192.3 (driving while intoxicated).  (*Id.* ¶ 6).  On or about March 23, 2010, the New York State Police arrested Petitioner on charges of Sexual Abuse in the first degree in violation of New York Penal Law § 130.65(03) and Endangering the Welfare of a Child in violation of New York Penal Law § 260.10.  (*Id.* ¶ 7).  He was not sentenced to any time in jail for either of those offenses. (Pet'r's Br. ¶ 18).

On June 3, 2010, ICE served Petitioner with a Notice to Appear charging him with removability pursuant to INA §§ 237(a)(2)(A)(iii) (aggravated felony drug trafficking crime) and 237(a)(2)(B)(i) (controlled substance offense).  (Resp't Br. ¶ 8).  On or about October 20, 2010, ICE initiated removal proceedings against Petitioner.  (*Id.* ¶ 9).  During the course of the proceedings, on March 24, 2011, Petitioner appeared with counsel and "admitted the factual allegations and conceded the charges of removability." *See* (Amy Patrick Decl. ¶ 1).

On or about October 4, 2011, Petitioner pled guilty to N.Y. Penal Law § 260.10 (endangering the welfare of a child), a class A misdemeanor.  *See* (Pet'r Br. ¶ 18).  Petitioner was sentenced to three years probation.  *See* (Amy Patrick Decl. ¶ 12).

Immigration hearings were adjourned several times in response to his on-going criminal prosecution in New York and by request from Petitioner's counsel in the removal action for additional time to file for relief from removal.  *See* (*id.* ¶¶ 11, 13, 14).

On May 24, 2012, Petitioner's counsel indicated that she would like to file a motion seeking rescission of his prior admissions and termination of the proceedings.  (*Id.* ¶ 15). On that same day, ICE took Petitioner into immigration custody pursuant to 8 U.S.C. § 1226(c).  (*Id.*).

On July 18, 2012, Petitioner filed a "Motion to Rescind Pleadings Made by Prior Counsel and to Terminate Proceedings." (*Id.* ¶ 17). Subsequently, on July 30, 2012, Petitioner filed the instant Petition for a Writ of Habeas Corpus challenging his detention.

On August 6, 2012, after receiving a certified copy of Petitioner's 2011 conviction, ICE additionally charged Petitioner with being deportable under 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who has been convicted of a crime of "domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment," and under 8 U.S.C. § 1227(a)(2)(A) for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) (defining "sexual abuse of a minor" as an aggravated felony). *See* (*id*. Ex. D).

II. Discussion

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Accordingly, this Court has subject matter jurisdiction over the Petition under § 2241 because petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and because he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and therefore violates his due process rights, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir. 2005).

3

B. Statutory Authority for Petitioner's Detention

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) based on the 2003 conviction because DHS did not immediately place him into custody when he was released from criminal incarceration. Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody "any alien who . . . (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, . . . *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(B) (emphasis added). Petitioner argues that district courts have interpreted the term "when . . . released" under Section 1226(c) to mean that DHS is required to immediately detain an alien upon release from criminal incarceration.

Respondents argue that Petitioner's claims are moot because Petitioner is also subject to mandatory detention based upon his 2011 conviction. (Resp't Br. at 16). Moreover, Respondents argue, inter alia, that the language "when . . . released" is ambiguous on this issue, and under a *Chevron* analysis, *see Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of this language as decided in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001). In the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole. 23 I. & N. Dec. 117 at 122. Respondents additionally note that in other contexts the Supreme Court has found that "when" is ambiguous. (Resp't Br. at 22–23). Accordingly, Respondents argue that the

Petitioner is subject to mandatory detention based on the 2003 conviction even though he was released from incarceration for that offense over eight years ago.

Although the Court is well aware of the varying conclusions courts have reached on the question of whether Section 1226(c) should apply to aliens who have been released for many years for those offenses enumerated in the statute,[1] the Court finds that under these circumstances where Petitioner is also subject to mandatory deportation for a subsequent conviction and the removal proceedings have been amended to so reflect, further review by this Court would be largely academic and therefore ill-advised.   Consequently, the Court shall dismiss the pending Petition and decline to issue a certificate of appealability under 28 U.S.C. § 2253.

III.    Conclusion

For the reasons set forth above, it is on this 6th day of September, 2012,

ORDERED that the a Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED; and it is further

ORDERED that no certificate of appealability will issue under 28 U.S.C. § 2253(c)(2), insofar as Petitioner has failed to make a substantial showing of the denial of some constitutional right over which this Court would have jurisdiction; and it is finally

ORDERED that this case is CLOSED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

---

[1] *See Dimanche v. Tay-Taylor*, No. 12–3831, 2012 WL 3278922, at *2 (D.N.J. August 9, 2012) (discussing varying interpretations of "when ... released" under Section 1226(c)).  *See also Nunez v. Elwood,* No. 12–1488, 2012 WL 1183701, at *3 (D.N.J. April 9, 2012) (finding that the statutory language, "when ... released," is not ambiguous and the plain meaning of this language is that "when" means "immediately" after release from incarceration); *Diaz v. Muller*, No. 11–4029, 2011 WL 3422856 (D.N.J. Aug. 4, 2011) (finding the statutory language ambiguous, and following BIA's interpretation of the statute).

5